UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

INTERNATIONAL REHABILITATIVE SCIENCES, INC. d/b/a RS Medical, as assignee of Elizabeth A. Altemoos-Bell, et al.,

Plaintiff,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,

Defendant.

---

**DECISION AND ORDER**

12-CV-1225A

On August 28, 2015, defendant filed a motion to strike plaintiff's complaint as a sanction under Rule 37 of the Federal Rules of Civil Procedure. (Dkt. No. 96.) Defendant seeks sanctions for what it considers willful disregard of a prior order (Dkt. No. 95) compelling certain discovery. In response, plaintiff has filed a cross-motion to compel. (Dkt. No. 98.) Plaintiff's counsel denies any intent to disregard Court orders and candidly admits law office failure. Plaintiff's counsel also explains discovery demands that she served on defendant and the objections from defendant that have stalled any significant production. From the papers and from the parties' appearance on September 23, 2015 (Dkt. No. 100), the Court knows that the parties additionally have deadlocked on the language of a confidentiality order that would govern product information from plaintiff and internal files from defendant, among other possible documents.

After reviewing the papers and hearing from the parties, a few points are in order. The Court appreciates plaintiff's counsel's candor in admitting law office failure but strongly cautions counsel going forward that law office failure is not an excuse for failure to move a case forward. "Law office failure rarely constitutes an excusable neglect . . . . Preoccupied and overworked staff does not establish excusable neglect, and neither does inadvertence." *Doroz v. TECT Utica Corp.*, No. 6:12-CV-391 MAD/ATB, 2013 WL 5786641, at *4 (N.D.N.Y. Oct. 28, 2013) (internal quotation marks and citations omitted); *see also, e.g., Vincent v. House*, No. 07CV632A, 2009 WL 2913912, at *5 (W.D.N.Y. Sept. 4, 2009) (Scott, *M.J.*) ("On the present record, the nondisclosure or delay in disclosure is not substantially justified. Defendants only argue law office failure for not responding to date."). The Court will take a dim view of any future instances of law office neglect or failure. Next, defense counsel used terms such as "willful failure," "deficient conduct," "dilatory tactics," and "blatantly failed" numerous times in its motion papers. The Court understands counsel's frustration, up to a point, but adjectives and adverbs do not win cases. Finally, the Court perceives that the case has stalled because both sides are reluctant to respond to very broad discovery demands, especially in the absence of a confidentiality order. For example, plaintiff has served a demand for "[t]he computer program used to send out EUO notices and verification requests." (Dkt. No. 98-1 at 1.) That demand, on its face, does not clarify whether plaintiff simply wants to know what program

was used and how it might have been set up; or whether plaintiff wants the original source code if defendant uses proprietary software. Defendant, meanwhile, has served a demand that plaintiff "[i]dentify all bank accounts into which or from which all deposits, transfers and/or distributions relating to the income and expenses of RS Medical have been made." (Dkt. No. 60-2 at 8.) The core of plaintiff's case is that defendant allegedly denied payment for medical equipment without justification, even when doctors prescribed the equipment. The Court does not see how an identification of bank accounts brings an eventual jury any closer to identifying medical necessity, appropriate pricing, and contractual or regulatory obligations.

To move the case forward given its increasing age, the Court wants to try a focused but stepwise approach. The first step will be to resolve the issue of a confidentiality order, since putting an order in place should help with the exchange of sensitive or proprietary information. Neither side seems opposed to entering some kind of order; the challenge is to find the right language. The Court will offer a few general suggestions. Any confidentiality order here should include a means by which representatives of each side can be designated for access to different types of sensitive documents. The order can restrict the use of documents to this litigation only but should defer to future discussion how any documents would be used at trial. The order also should include a means by which the parties can maintain a privilege log that describes documents withheld

for reasons related to attorney-client privilege or attorney work product. Finally, the order probably should contain some provision for document destruction at the end of the case. Not much else would appear to be necessary.

The Court now will turn to the mediator in this case, Joseph V. McCarthy, to help the parties convert these general parameters into specific details. Within 30 days of the date of this Decision and Order, the parties are directed to confer with the mediator for the specific purpose of completing a joint confidentiality order. Once the joint confidentiality order is completed, the mediator will file a certification to that effect, and the parties will submit a signed copy to chambers. The Court will give further instructions at that time about scheduling and facilitating discovery, though the parties certainly are encouraged to work with the mediator on their own initiative to craft discovery requests that they find mutually acceptable.

While the Court works with the parties to facilitate discovery, the pending discovery motions (Dkt. Nos. 96, 98) are denied without prejudice. Any existing scheduling deadlines are suspended.

SO ORDERED.

/s Hugh B. Scott

HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: October 8, 2015